**WHIPPLE AZZARELLO, LLC**
John A. Azzarello
161 Madison Avenue Suite 325
Morristown, New Jersey 07962
(973) 267-7300
azzarello@whippleazzarellolaw.com
*Attorneys for Plaintiff Kaiser Foundation Health Plan of Colorado*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN OF COLORADO, | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| v. | Civil Action No. _____ |
| MARK HALL and MDA GROUP LLC, | |
| Defendants. | |

Plaintiff Kaiser Foundation Health Plan of Colorado ("Kaiser"), by its attorneys, alleges

the following for its Complaint and Jury Demand against Defendants Mark Hall ("Hall") and

MDA Group LLC ("MDA").

## **NATURE OF THE ACTION**

1.     This action concerns Defendants' deceitful misappropriation and use of funds that

belong to Kaiser.  In mid-2015, Hall signed a services contract with Kaiser, in which G8Way

Health ("G8Way")—on information and belief, a company solely owned and solely controlled

by Hall—agreed to provide administrative and logistical support for two Kaiser Programs.

Those Programs provided funds to participating Kaiser members through prepaid debit cards.  In

the contract, Hall, on behalf of G8Way, assured Kaiser that all funds would be held in an account

in Kaiser's name, distributed only for the use of Kaiser Program beneficiaries, and returned to Kaiser's account if unused funds remained on member debit cards.  In reality, Hall planned from the outset to disregard the use of Kaiser accounts and to hold Kaiser funds in accounts he controlled.  At the time he executed G8Way's contract with Kaiser, Hall told an associate: "This is the Kaiser Agreement.  Disregard the Funding Account amounts.  As mentioned [the card issuer] allows companies to maintain balances within their own corp accounts . . . ."

2.      On November 20, 2018, Hall suddenly informed Kaiser that, effective immediately, G8Way would no longer support Kaiser's programs.  Thereafter, Kaiser Program beneficiaries lost access to prepaid funds on their debit cards, yet G8Way and Hall did not return to Kaiser the balance of unused funds—$686,820.02 in total.  Kaiser presently is engaged in mandatory arbitration against G8Way for its breach of the contract between Kaiser and G8Way, but G8Way is not the lone culprit.

3.      On information and belief, Hall personally deceived Kaiser about the manner in which he and G8Way intended to hold and administer Kaiser funds, withdrew Kaiser funds from G8Way accounts that he controlled, and used those funds for his own purposes and his own benefit.  In particular, on information and belief, in keeping with a long history of commingling personal and corporate assets and plundering one company to capitalize another, Hall took funds that belonged to Kaiser and used them to fund a new company, MDA.  On information and belief, Hall and MDA continue to benefit from funds that were obtained from Kaiser without authorization and without any corresponding benefit to Kaiser.

4.      Accordingly, Kaiser brings this action for conversion and unjust enrichment against Hall and MDA to recover $686,820.02 in misappropriated funds, and all other appropriate relief.

## PATIES, JURISDICTION, AND VENUE

5.      Plaintiff Kaiser Foundation Health Plan of Colorado is a Colorado corporation with its principal place of business in Colorado.

6.      On information and belief, Mark Hall is a citizen of New Jersey residing in Princeton, New Jersey.

7.      On information and belief, MDA Group LLC is a business entity with its principal place of business in Princeton, New Jersey.

8.      On information and belief, Hall is the sole member of MDA and its sole owner.

9.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a). Complete diversity exists between the Plaintiff and the Defendants, and the amount-in-controversy exceeds $75,000.00, excluding interest and costs.

10.     Venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391(b)(1) because Hall resides in this District and all Defendants are residents of the State of New Jersey. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claims herein occurred in this District—specifically, on information and belief, Hall and MDA conducted business and banking related to the relevant funds in the state.

11.     This Court has personal jurisdiction over Hall because he is a citizen of New Jersey and resides therein. This Court has personal jurisdiction over MDA, because it operates principally out of New Jersey and is solely managed by a New Jersey resident. Further, the Court has personal jurisdiction over the Defendants because most of their relevant conduct took place in or through New Jersey.

## GENERAL ALLEGATIONS

12.     For several years, Kaiser operated a health and wellness program (the "Weigh & Win Program") under which Kaiser provided certain of its members financial incentives for meeting health goals.

13.     Kaiser also offered a financial assistance program that helped certain qualified Kaiser members purchase medication and defray other medical costs (the "Medical Financial Assistance Program," and together with the "Weigh & Win Program," the "Programs").

14.     Kaiser provided the necessary funds for the Programs, which the Programs' beneficiaries accessed via prepaid debit cards issued to them.

*Hall Agreed to Help Kaiser Run the Programs*

15.     In 2015, Kaiser sought assistance from a third-party vendor to manage the Programs, including hosting a computer platform to administer the Programs and helping disburse the Program funds to beneficiaries via prepaid debit cards.

16.     Hall represented to Kaiser that one of his companies, United Preference, could perform these functions.

17.     During negotiations, Hall informed Kaiser that he was changing the name of United Preference to G8Way, because he said the name United Preference was too similar to that of United Healthcare, the national healthcare insurance company.

18.     In reality, unbeknownst to Kaiser, Hall dissolved United Preference to evade financial problems associated with his misuse of corporate funds and to avoid payment obligations to his ex-wife, who was a part owner of United Preference.

19.     Thereafter, on June 25, 2015, Kaiser and G8Way entered into a contract under which G8Way agreed to provide services for the Programs.

20.     Hall signed the Kaiser-G8Way contract on behalf of G8Way.

21.     Under the Kaiser-G8Way contract, Kaiser agreed to prepay funds for the two Programs.

22.     Hall represented in multiple emails that Kaiser's funds would be held in Kaiser accounts, and in the contract Hall signed on behalf of G8Way, he affirmed that Kaiser funds would be held in an account in Kaiser's name at Avidia Bank. That funding account was to comprise two subaccounts, one for each of the Programs.

23.     Hall further represented that, only upon notification from Kaiser, G8Way would instruct Avidia Bank to transfer Kaiser funds from the respective subaccounts of the Kaiser account to individual accounts for Program beneficiaries, who could access and use those Kaiser funds with prepaid debit cards.

24.     Unused funds for the Programs were Kaiser's property and intended only for use by Program beneficiaries. Nothing permitted G8Way or any other entity or person to withdraw funds from Kaiser's account, the Program subaccounts, or beneficiaries' debit card accounts. G8Way was authorized only to transfer funds from Kaiser-held accounts to beneficiaries' debit card accounts, and only upon Kaiser's instruction, or G8Way could return funds to Kaiser.

25.     Reinforcing this fact, the Kaiser-G8Way contract stated that funds not used by Program beneficiaries in the Medical Financial Assistance Program were to be returned to the corresponding Kaiser-held subaccount when directed by Kaiser or at the expiration of the Kaiser-G8Way contract.

*Hall Never Intended to Hold the Funds in the Kaiser Funding Account*

26.     Although Hall represented to Kaiser that G8Way would hold all Program funds in the Kaiser-held account and subaccounts, he never intended to do so.

27.     Instead, Hall intended to hold funds for the Programs in accounts that he controlled.

28.     Hall communicated this intention in an email, in July 2015, wherein he told an associate to "[d]isregard" the Kaiser account.

*Hall Abandoned the Kaiser-G8Way Contract*

29.     Between June 2015 and November 2018, Kaiser funded the Kaiser the Programs, and G8Way coordinated and approved transfers of funds to the Program beneficiaries' debit cards.

30.     However, contrary to the Kaiser-G8Way contract, G8Way did not keep Program funds in Kaiser-held accounts.

31.     Rather, Hall arranged for Kaiser to deposit funds intended for the Programs into accounts that he controlled that were in the name of one of his other companies, G8Way Media LLC.

32.     This arrangement did not present immediate problems that Kaiser could detect, but on November 20, 2018, that changed.

33.     Using his control over the accounts holding Kaiser's funds, Hall cut off Kaiser's and Program beneficiaries' access to hundreds of thousands of dollars in Kaiser funds intended for the Programs.

34.     Hall informed Kaiser via email that, effective immediately, G8Way would no longer support the Programs. Hall stated that the Programs "had been operated at considerable cost/loss to G8Way's overall business for over three years."

35.     Apparently, Hall believed his unhappy bargain justified the misappropriation of hundreds of thousands of dollars of Kaiser funds.

36.     Upon Hall's notice, Kaiser immediately lost access to $686,820.02 of Kaiser funds intended for Kaiser Program beneficiaries—$82,209.78 for the Weigh & Win Program and $604,610.24 for the Medical Financial Assistance Program.

37.     Almost immediately, Program beneficiaries began notifying Kaiser that their debit cards were being declined for having insufficient funds.

38.     At the same time, Kaiser lost access to G8Way's Program-administration platform, which prevented Kaiser from tracking the Programs and beneficiaries' debit-card accounts.

39.     Upon further investigation, Kaiser determined that the debit cards had been invalidated, and funds had been withdrawn from Program subaccounts.

40.     On information and belief, Hall caused Kaiser's loss of access to its funds and to the system for tracking the Programs and the accounts associated with them, and Hall caused the invalidation of Program debit cards and the withdrawal of Kaiser funds for his own purposes.

41.     Kaiser promptly and repeatedly called and emailed Hall in an attempt to determine a process to wind down the Programs and obtain the unused balance of Kaiser funds, but Hall never responded, and Kaiser had to make beneficiaries whole with additional payments.

42.     Kaiser also sent Hall two formal demand letters for the return of Kaiser funds, but Hall never responded to these either.

43.     Kaiser's funds were not retained by G8Way; G8Way has ceased operations and has essentially no assets.

44.     On information and belief, after Hall personally caused the misappropriation of Kaiser funds, Hall used Kaiser's funds for his own purposes and his own benefit, including to capitalize his other company, MDA, and to evade creditors like Kaiser.

45.     On information and belief, MDA has held or is holding at least some of Kaiser's funds.

46.     On information and belief, Hall and MDA retained and used Kaiser's funds for their own direct and indirect benefit.

47.     To date, Hall and MDA, acting through Hall, have refused to return the funds to Kaiser, despite Kaiser's demands.

*Hall's Sordid History of Business Dealings*

48.     Since 2018, Kaiser has learned that Hall's dealings with Kaiser were consistent with his track record as a businessman.

49.     He has formed multiple businesses, many of which have failed because of his mismanagement.

50.     On information and belief, he has previously relocated and changed names of his companies to evade creditors and other obligations.

51.     Because of this history, Hall cannot raise venture capital or other funding.

52.     Hall is or was the founder, controlling member, manager, and/or CEO of the following entities and DBAs: (i) G8Way Health; (ii) G8Way Health LLP; (iii) G8Way Payments, LLC; (iv) G8Way Payments LLP; (v) G8Way Health Payments; (vi) G8Way Media LLC; (vii) United Preference; (viii) Brenmark Communications, Inc.; (ix) Care More Plan Rewards, LLC; (x) Ego-East Media Inc.; and (xi) MDA.

53.     Many of these entities are run from the same office in Princeton, New Jersey; most were created in New Jersey or Florida.

54.     On information and belief, Hall has failed to respect the corporate form of many of his businesses, including the corporate forms of G8Way and MDA, which operate as his alter egos, and vice versa.

55.     Former business associates have stated that Hall "access[ed] company funds illegally," directly out of corporate funding accounts, and that, after disclosure of this conduct to relevant authorities, Hall's accounts were closed.

56.     More recently, Hall paid personal divorce-settlement and childcare obligations from G8Way and MDA accounts, using G8Way and MDA checks and funds.

57.     He also arranged for Kaiser to deposit funds that *G8Way* was contractually obligated to distribute to the Programs' beneficiaries into accounts held by a different entity, G8Way Media LLC, as to which, on information and belief, Hall likewise exercises sole control, disregards corporate formalities, and operates as an alter ego.

58.     And on information and belief, Hall misappropriated Kaiser funds over which he and G8Way had control and for which G8Way had obligations to Kaiser, and he used those funds for his own direct and indirect personal benefit, including for the benefit of MDA.

## FIRST CLAIM FOR RELIEF – VEIL PIERCING
### (All Defendants)

59.     Kaiser repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

60.     On information and belief, Hall is the sole owner and principal of MDA, which operates as an alter ego of Hall.

61.     On information and belief, Hall has failed to observe corporate formalities with respect to MDA by using non-business assets for business purposes, and by using business assets for personal purposes; in particular, Hall funded MDA with Kaiser funds that Hall misappropriated from Kaiser.

62.     On information and belief, like other companies operated by Hall, MDA serves as a façade for Hall's personal actions and as a bank account for his personal expenditures, and facilitates the evasion of creditors like Kaiser.

63.     By virtue of the foregoing, MDA's corporate veil should be pierced, and its status as an independent entity disregarded.

64.     MDA is liable for Hall's debts, including the amount of $686,820.02 that belongs to Kaiser, and vice versa.

## SECOND CLAIM FOR RELIEF – CONVERSION
### (All Defendants)

65.     Kaiser repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

66.     On information and belief, without authorization or justification, Hall and MDA obtained $686,820.02 in Kaiser funds previously held in accounts for the benefit of Kaiser and Kaiser Program beneficiaries.

67.     On information and belief, Hall caused these funds to be taken from the accounts where they had been held for the benefit of Kaiser and Kaiser Program beneficiaries and then used them to capitalize MDA.

68.     Kaiser is entitled to immediate possession of these funds, because they were and are the property of Kaiser.

69.     On information and belief, Hall and MDA continue to retain the benefit of these funds in complete disregard of the rights of Kaiser, and despite Kaiser's demands for return.

70.     Kaiser has suffered damages as a result of the aforementioned conduct of Hall and MDA.

## THIRD CLAIM FOR RELIEF – UNJUST ENRICHMENT
### (All Defendants)

71.     Kaiser repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

72.     Kaiser supplied $686,820.02 for the Kaiser Programs and the Programs' beneficiaries, and arranged with G8Way and Hall for those Program funds to be administered by G8Way and Hall.

73.     Kaiser expected that those funds would be distributed to the Programs'
beneficiaries or returned to Kaiser.

74.     The funds were not distributed to the Programs' beneficiaries or returned to

Kaiser.  Instead, on information and belief, Hall caused those funds to be diverted for the direct

and indirect benefit of him and his company MDA.

75.     On information and belief, Hall and MDA have enriched themselves unjustly at

the expense of Kaiser by obtaining Kaiser funds and using those funds for their own benefit.

76.     Kaiser seeks restitution for the value of any Kaiser funds that Hall and MDA

received, plus applicable costs and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kaiser Foundation Health Plan of Colorado respectfully

requests that the Court enter judgment in its favor and against Defendants Mark Hall and MDA

Group LLC and grant relief as follows:

a.     On its First Claim for Relief, entering an order allowing the piercing of
MDA's corporate veil, and finding Hall and MDA are alter egos of one
another and that each is personally liable for the obligations of the other
with respect to Kaiser funds.

b.     On its Second Claim for Relief, awarding damages in favor of Kaiser in
the approximate amount of $686,820.02, plus applicable fees, costs, and
interest.

c.     On its Third Claim for Relief, awarding restitution in favor of Kaiser in
the approximate amount of $686,820.02, plus applicable costs and interest;

d.     Awarding any further relief as this Court deems just and proper.

**WHIPPLE AZZARELLO, LLC**
*Attorneys for Plaintiff*

By: s/ John A. Azzarello

John A. Azzarello
161 Madison Avenue, Ste 325
Morristown, NJ 07960
(973) 267-7300

**HOLLAND & HART LLP**
By: s/ Paul D. Swanson

Paul D. Swanson*
555 17th Street, Suite 3200
Denver, CO 80202-3921
(303) 295-2000

\* Motion to admit *pro hac vice* forthcoming

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

**WHIPPLE AZZARELLO, LLC**
*Attorneys for Plaintiff*

By: s/ John A. Azzarello

Dated:  February 16, 2021

## Certification

I hereby certify that the matter in controversy is not the subject of any other Court, arbitration, or administrative proceeding, except for the related action before the American Arbitration Association captioned *Kaiser Foundation Health Plan of Colorado v. G8Way Payments LLC D/B/A G8Way Payments LLP D/B/A/ G8Way Health D/B/A G8Way Health LLP D/B/A/G8Way Health Payments* which involves the same set of facts and circumstances as those set forth herein.

**WHIPPLE AZZARELLO, LLC**
*Attorneys for Plaintiff*

By: s/ John A. Azzarello

Dated:  February 16, 2021

## Certification Pursuant to L. Civ. R. 201.1

Plaintiff, through undersigned counsel, hereby certifies that the amount in controversy in this matter exceeds $150,000.00 exclusive of interest, costs, and claims for punitive damages.

**WHIPPLE AZZARELLO, LLC**
*Attorneys for Plaintiff*

By: s/ John A. Azzarello

Dated: February 16, 2021